**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Wayde Lynn KURT, Defendant— Appellant.**

**No. 04–30450.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 16, 2005.

Earl Allan Hicks, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff-Appellee.

Amy Rubin, FPDWA—Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BROWNING, ALARCON, and KLEINFELD, Circuit Judges.

### MEMORANDUM **

We affirm Wayde Kurt's conviction for conversion of government property in excess of $1,000 in violation of 18 U.S.C. § 641.

The price sheet was properly admitted into evidence under Rule 803(17). Special Agent Jennings had 15 years experience in purchasing equipment for the Secret Service and testified that he received the price sheet through the normal process and that the sheet was a document that he would rely on in the regular course of his business. The district court found that the document appeared to be routinely published and defense counsel was able to obtain the same information from the same company.

Admission of Special Agent Jennings's testimony about the price of the device Kurt converted did not violate the Confrontation clause. The price sheet Special Agent Jennings relied upon is not a "testimonial" document and thus *Crawford v. Washington*[1] does not bar its use.[2] The testimony of a buyer's agent that "this is the seller's posted price" depends only upon the credibility of the buyer's agent who claims to know the price on the price list. The posted price is not a representation of what an absent witness from the seller's firm might say.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Crawford v. Washington,* 541 U.S. 36, 61, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

The district court did not err in refusing to give Ninth Circuit Model Criminal Jury Instruction 5.9. Kurt did not claim to have consulted counsel until after he had committed the crime, so he could not have relied upon counsel's advice when he committed it. Thus, Kurt did not qualify for the instruction.[3]

AFFIRMED.

---

2. *See United States v. Bahena–Cardenas,* 411 F.3d 1067, 1074–75 (9th Cir.2005).

3. *See United States v. Ibarra–Alcarez,* 830 F.3d 968, 973 (9th Cir.1987).

